```
               UNITED STATES DISTRICT COURT
                 DISTRICT OF CONNECTICUT

PAUL HANSON,                    :
                                :
     Plaintiff,                 :
                                :
     v.                         :    CASE NO. 3:11CV99(RNC)
                                :
ROBERT FARR ET AL.,             :
                                :
     Defendants.                :
```

RECOMMENDED RULING ON MOTION TO DISMISS

The plaintiff, Paul Hanson, brings this case pro se under 42 U.S.C. § 1983 seeking damages from defendant Jennifer Sullivan, his former parole officer, for alleged violations of his rights to due process and equal protection under the Fourteenth Amendment.[1]  He also seeks damages for intentional and negligent infliction of emotional distress under state law. Pending before the court is the defendant's Motion to Dismiss, doc. #6.[2]  District Judge Robert N. Chatigny referred the motion to the undersigned for a recommended ruling.  (Doc. #7.)  For the reasons set forth below, the motion should be granted.

---

[1] Sullivan is the sole remaining defendant in this case.  The complaint also appears to allege a conditions-of-confinement claim under the Eighth Amendment but it is directed at defendants who have been dismissed from the case.  (See doc. #2.)

[2] The plaintiff has not filed a response to the motion.

I.  Background

For the purpose of resolving a motion to dismiss under Rule 12(b)(6), the court accepts as true the allegations in the plaintiff's complaint.  Bell Atl. Corp. v. Twombly, 550 U.S. 544, 572 (2007).  The complaint alleges as follows.  The plaintiff owns a home and a real estate company in Connecticut.  He served a term of incarceration in New York State.[3]  In October 2009, he was released to parole.  At his request, his parole was transferred to Connecticut under the Interstate Compact for Adult Offender Supervision (ICAOS).

Defendant Sullivan, a parole officer with the Connecticut Board of Pardons and Paroles, was assigned to supervise the plaintiff.  At their first meeting, she arbitrarily imposed conditions on his parole that only a court is authorized to impose.  These conditions were more onerous than his parole conditions in New York, such as requiring him to wear an electronic monitoring device and attend group counseling.  When

---

[3] As set forth in a prior court decision, the plaintiff's criminal history includes convictions for stalking, menacing and four counts of criminal contempt of court.  See Hanson v. Phillips, 442 F.3d 789, 791 and 794-95 (2d Cir. 2006).  He also pleaded guilty to bail jumping and criminal contempt for violation of a protective order.  Id.  "[A] court may permissibly take judicial notice of certain public records, such as the content of prior court decisions, even when those public records have not been referenced by the Complaint."  Northrop v. United States, No. 3:07cv20, 2008 WL 4447101, at * 1 (D. Conn. Aug. 28, 2008) (citing Roth v. Jennings, 489 F.3d 499, 509 (2d Cir. 2007)).

the plaintiff reported that the monitoring device had been installed incorrectly, Officer Sullivan cited him rather than correcting the issue.  When counseling instructors determined him to be ineligible for the groups, he offered to attend private counseling at his own cost but Officer Sullivan ignored him.

In November 2009, without giving any warnings or notices, Officer Sullivan caused the plaintiff to be arrested on five alleged violations that were minor or technical in nature.  While in custody, he was unable to receive necessary medical attention for chronic pain because his medical records were not on file in Connecticut.

In January 2010, the plaintiff attended a preliminary parole revocation hearing.  He moved to dismiss the proceedings for procedural violations but his request was denied.  The plaintiff pleaded guilty to leaving the state of Connecticut briefly but contested the four remaining charges.  Based on Officer Sullivan's testimony, the hearing examiner found the plaintiff guilty of the other charges and determined that the violations were sufficiently serious to keep the plaintiff in custody.  In February 2010, the plaintiff was returned to New York.  He was incarcerated there until June 2010, at which time he was released on parole.  He remains on parole in New York

unable to return to his home, business and family in Connecticut.

II.  Discussion

The defendant argues that the plaintiff fails to state any claim upon which relief may be granted.  A claim may be dismissed under Rule 12(b)(6) if the plaintiff's factual allegations are not sufficient "to state a claim to relief that is plausible on its face."  Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007).  "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully."  Ashcroft v. Iqbal, 556 U.S. 662, 129 S. Ct. 1937, 1949 (2009).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  Id.  The court looks only to allegations concerning the defendant's own actions to determine whether the plaintiff has stated a claim under § 1983.  Id., at 1948 ("plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution").

Where a plaintiff is proceeding pro se, his submissions "must be read liberally and interpreted to raise the strongest arguments that they suggest."  Graham v. Henderson, 89 F.3d 75, 79 (2d Cir. 1996).  If a liberal reading of the complaint gives

4

any indication that a valid claim might be stated, the court must grant the plaintiff leave to amend the complaint rather than dismissing it.  Cuoco v. Moritsugu, 222 F.3d 99, 112 (2d Cir. 2000).

    A.  Official Capacity Claims

The defendant correctly contends that she cannot be sued for damages in her official capacity under § 1983.  "State officers in their official capacities, like States themselves, are not amenable to suit for damages under § 1983."  Arizonans for Official English v. Arizona, 520 U.S. 43, 69 n.24 (1997) (citing Will v. Michigan Dept. of State Police, 491 U.S. 58, 71 (1989)).  The plaintiff cannot proceed on his official capacity claims.

    B.  Due Process

Count One of the complaint alleges that the defendant violated the plaintiff's right to due process.  The plaintiff alleges that the defendant imposed special conditions of parole that were not authorized by Connecticut law or the ICAOS and strictly enforced those conditions with "zero tolerance" for minor or technical violations.

To state a claim for violation of his procedural due process rights, a plaintiff must allege facts plausibly suggesting that he was deprived of a protected liberty interest without due process of law.  Cruz v. Gomez, 202 F.3d 593, 597

(2d Cir. 2000). A parolee in Connecticut has no constitutionally-protected or state-created right to be released on parole. Lichtenthal v. Cortese, No. 3:07cv957(SRU), 2007 WL 2049544, at *1 (D. Conn. July 13, 2007). Once parole is granted, he has a protected interest in continued liberty such that parole may not be revoked without due process; however, it is a "conditional liberty properly dependent on observance of special parole restrictions." Morrissey v. Brewer, 408 U.S. 471, 480-82 (1972). Specifically in Connecticut, the Board of Pardons and Paroles is empowered to establish rules and regulations governing parole release, including "special provisions" for a particular case. Conn. Gen. Stat. § 54-126. See also § 54-125a(a) (authorizing parolee's release "[a]t the discretion of the panel, and under the terms and conditions as may be prescribed by the panel"). Consequently, a parolee in Connecticut does not have a protected liberty interest in being free from special conditions. See Vicenzo v. Warden, 64 Conn. App. 258, 262, 779 A.2d 843 (2001) (interpreting Morrissey, no liberty interest that would allow plaintiff to challenge conditions of parole in a habeas action). See also Pena v. Travis, No. 01cv8534, 2002 WL 31886175, at *13 (S.D.N.Y. Dec. 27, 2002) (under New York law, no liberty interest in being free from special conditions of parole; cited by all four New York federal districts); Chandler v. Kiely, 539 F. Supp. 2d 220, 223

6

n.5 (D.D.C. 2008) (citing Pena with approval).  Because the plaintiff does not allege that the defendant deprived him of a protected liberty interest, his due process claim should be dismissed.

    C.  Equal Protection

    Count Two of the plaintiff's complaint alleges that the defendant violated his right to equal protection of the laws. Because the plaintiff does not allege that he is part of a protected class, the court concludes that he brings this claim under the "class of one" theory.  To state a class-of-one claim, a plaintiff must allege that he "has been intentionally treated differently from others similarly situated and that there is no rational basis for the difference in treatment." Village of Willowbrook v. Olech, 528 U.S. 562, 564 (2000) (per curiam). Ultimately, successful class-of-one plaintiffs must establish "an extremely high degree of similarity between themselves and the persons to whom they compare themselves." Clubside, Inc. v. Valentin, 468 F.3d 144, 159 (2d Cir. 2006).

    Subsequent to the Supreme Court's clarification of the plausibility standard in Ashcroft v. Iqbal, 556 U.S. 662 (2009), a plausible class-of-one claim must assert more than a "general allegation" of disparate treatment.  Ruston v. Town Bd., 610 F.3d 55, 59 (2d Cir. 2010).  Applying this rule, the Second Circuit affirmed the dismissal of a class-of-one claim that did

7

"not allege specific examples" of discrimination or identify similarly-situated persons.  Id.  See also, e.g., Scott v. Dennison, 739 F. Supp. 2d 342, 361-62 (W.D.N.Y. 2010) (dismissing habeas petitioner's class-of-one claim regarding parole release).  In contrast, a trial court in this circuit determined that a prisoner who was denied parole release plausibly alleged a class-of-one claim where he identified two others who were incarcerated for substantially the same offenses but were not subjected to the same special requirements for parole eligibility.  Blake v. Fischer, No. 09cv266, 2010 WL 2522198 (N.D.N.Y. Mar 05, 2010), adopted, 2010 WL 2521978 (N.D.N.Y. Jun 15, 2010).

Here, plaintiff fails to allege similarity to any individuals who received different treatment.  As a result, his equal protection claim is deficient.

    D.   Intentional Infliction of Emotional Distress

Count Three alleges intentional infliction of emotional distress under state law.  In Connecticut,

> [i]n order for the plaintiff to prevail in a case for liability under ... [intentional infliction of emotional distress], four elements must be established. It must be shown: (1) that the actor intended to inflict emotional [distress] or that he knew or should have known that emotional distress was [the] likely result of his conduct; (2) that the conduct was extreme and outrageous; (3) that the defendant's conduct was the cause of the plaintiff's distress; and (4) that the emotional distress sustained by the plaintiff was severe.

8

Petyan v. Ellis, 200 Conn. 243, 253, 510 A.2d 1337 (1986) (internal quotation marks omitted).  "Liability has been found only where the conduct has been so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community."  Appleton v. Board of Educ., 254 Conn. 205, 210, 757 A.2d 1059 (2000) (quoting 1 Restatement (Second), Torts § 46, comment (d) (1965)).  "Only where reasonable minds disagree does it become an issue for the jury."  Id. (internal quotation marks omitted).

In this case, the plaintiff was transferred from New York to Connecticut under the ICAOS, which provides for the supervision of a transferred offender "in a manner determined by the receiving state and consistent with the supervision of other similar offenders sentenced in the receiving state."  ICAOS, Rule 4.101, available at http://www.interstatecompact.org (enacted by Conn. Gen. Stat. § 54-133).  Under § 54-126, the Connecticut Board of Pardons and Paroles has discretion in a particular case to "establish special provisions for the parole of a convict" and to enforce those rules.  In light of the plaintiff's criminal history, the defendant's exercise of her discretion to impose and enforce special parole conditions such

9

as electronic monitoring and counseling cannot be characterized as extreme and outrageous.

    E.  <u>Negligent Infliction of Emotional Distress</u>

Count Four alleges negligent infliction of emotional distress under state law.  Connecticut General Statutes § 4-165 provides: "No state officer or employee shall be personally liable for damage or injury, not wanton, reckless or malicious, caused in the discharge of his or her duties or within the scope of his or her employment."  The claim for negligent infliction of emotional distress is brought against the defendant in her individual capacity for actions taken in the discharge of her duty as a parole officer and therefore must be dismissed.  <u>See</u> <u>King v. Rell</u>, No. 3:06cv1703 (VLB), 2008 WL 793053 (D. Conn. March 24, 2008).

III. <u>Conclusion</u>

For all the foregoing reasons, the court recommends that the defendant's Motion to Dismiss, doc. #6, be granted.  The dismissal should be with prejudice as to claims for damages against the defendant in her official capacity.  As for the other claims, they may be dismissed without prejudice to give the <u>pro se</u> plaintiff an opportunity to amend his complaint by a date to be set by the district judge.

Any party may seek the district court's review of this recommendation.  <u>See</u> 28 U.S.C. § 636(b) (written objections to

proposed findings and recommendations must be filed within fourteen days after service of same); Fed. R. Civ. P. 6(a), 6(e) & 72; Rule 72.2 of the Local Rules for United States Magistrate Judges, United States District Court for the District of Connecticut; Thomas v. Arn, 474 U.S. 140, 155 (1985); Frank v. Johnson, 968 F.2d 298, 300 (2d Cir. 1992).  Failure to timely object to a magistrate judge's report will preclude appellate review.  Small v. Sec'y of Health and Human Serv., 892 F.2d 15, 16 (2d Cir. 1989).

SO ORDERED at Hartford, Connecticut this 31st day of January, 2012.

```
            /s/
    _____
    Donna F. Martinez
    United States Magistrate Judge
```